# UNITED STATES OF AMERICA

## DISTRICT OF MASSACHUSETTS

Springfield, ss

                                            03:22CR30014-MGM

| | |
|---|---|
| UNITED STATES ) | |
| ) | DEFENDANT'S SENTENCING |
| v. ) | |
| ) | MEMORANDUM |
| Justin Benoit ) | |

### INTRODUCTION

      Through counsel, the Defendant, Justin Benoit, submits this sentencing memorandum in support of his position for sentencing. The Presentence Investigation Report (PSR) provided by the United States Probation Office states that the offense level for Justin Benoit is 49(PSR ¶58). Justin Benoit's criminal history has a level of 1, thus qualifying Justin Benoit for a sentencing guideline range of 15-30 years of imprisonment (PSR pg.30). The Defendant, by and through counsel, asks this Court to evaluate all 18 U.S.C. §3553 factors when sentencing the defendant.

      Justin Benoit submits that a sentence of 240 Months of imprisonment, followed by lifetime supervision, in addition to other conditions the Court deems appropriate, is sufficient, but not greater that necessary, to effectuate the purposes of sentencing set forth in 18 U.S.C. §3553(a). Mr. Benoit also requests any sentence he receives on any charges all run concurrently with one another and concurrently with any sentence he receives on the related Massachusetts State case wherein Mr. Benoit pled guilty to similar charges involving related offenses. (Berkshire County Superior Court dkt. 2276CR00052)

### STATEMENT OF THE CASE

Justin Benoit pled guilty to a multiple count indictment in the US District Court of Massachusetts, Springfield Division, on May 21st, 2025 (PSR ¶5). More specifically :

1. Sexual Exploitation of Children (5 Counts) 18 U.S.C. §2251(a); 18 U.S.C. §2251(e);
2. Possession of Child Pornography, 18 U.S.C. §2252A(a)(5)(B). 18 U.S.C. §2252A(b)(2)

### STATEMENT OF FACTS

   The charges of the indictment stem from Justin Benoit's involvement in the production, collection, possession and distribution of Child Pornography which was discovered by authorities during an investigation concluding in early 2022.

The investigation involved the uploading of files which Justin Benoit was discovered to coordinate through online networks, namely Snapchat. The investigation revealed the Mr. Benoit's involvement in the exploitation of victims while using his electronic devices.

## ARGUMENT

18 U.S.C. §3553(a) mandates that the Court "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of that same statute. A district court's job is not to impose a 'reasonable' sentence it should impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The proposed sentence of 240 months of incarceration on Counts 1-5, subject to a 180 month minimum all to be served concurrently with one another and 24 months on count 6, to be served concurrently with counts 1-5, followed by lifetime of supervised release will be " sufficient, but not greater than necessary, to comply" with the purposes of sentencing." 18 U.S.C. §3553(a).

## GUIDELINES

The court is required to compute the guidelines sentencing range ("GSR") as a "starting point handy initial benchmark" Gall v. United States 128 S.Ct. 586,596 (2007). Here, there is no dispute that the GSR is 15-30 years Months (OL 49, CHC 1). However, the guidelines are not the sole, nor even the first among the factors that Congress has commanded the courts to apply in section 3553(a). Sentencing post United States v. Booker, 543 U.S. 220 (2005) effectively makes the guidelines advisory.

The Court " may not presume that the guidelines range is reasonable" and must " make an individualized assessment based on facts presented." Id at 596-87. In Rita v. United States, 127 S. Ct. 2456, 2463 (2007), the Court summarized the factors found in that second paragraph: the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences

legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

## 18 U.S.C. §3553 FACTORS

It is respectfully requested that this Court consider, along with the U.S. Sentencing Guidelines, the following factors and analysis and grant the defendant a sentence necessary to comply with 18 U.S.C. § 3553.

## CHARACTERISTICS OF MR. BENOIT

Justin Benoit is 39 years old. (PSR pg. 2). He was born in Pittsfield, Massachusetts. He is the only child of his parents, Robert Swanson and Susan Benoit. His Father did not play a significant role in his life, however his stepfather, Robert Johnson was more influential in Mr. Benoit's upbringing. (PSR¶76)

Mr. Benoit has several half-brothers and sisters that live near him in the Pittsfield Area (PSR¶80-83). Mr. Benoit has one biological child with Theresa Thompson (PSR¶84)

## NATURE AND CIRCUMSTANCE OF THE OFFENSE

Mr Benoit's involvement in this matter was discovered when authorities executed a search warrant at his home in Pittsfield in February 2022. Authorities suspected Mr. Benoit was uploading images through online social media networks. Upon further search of his electronic media devices, it was discovered Mr. Benoit was involved in the exploitation aspect as well.

## 18 U.S.C. § 3553. Imposition of a sentence

The Defendant puts forth there is no plea agreement with the Government. The Defendant recommends effectively a sentence of 240 Months followed by a lifetime of supervised release.

## Calculating The Appropriate Advisory Guidelines Range

The US probation office has prepared presentence report in this case and found that Mr. Dunphy pled guilty to:
1. Sexual Exploitation of Children (5 Counts) 18 U.S.C. §2251(a); 18 U.S.C. §2251(e);
2. Possession of Child Pornography, 18 U.S.C. §2252A(a)(5)(B). 18 U.S.C. §2252A(b)(2)

3

<u>RECOMMENDATION</u>

The recommendation is Justin Benoit be incarcerated for a period of 240 months followed by a term of supervision for life. The recommendation is based upon the seriousness of the offense but also taking into account Mr. Benoit's acceptance of responsibility.

Mr. Benoit also requests any sentence he receives on any charge all run concurrently with one another and concurrently with any sentence he receives on the related Massachusetts State case wherein Mr. Benoit pled guilty to similar charges. (Berkshire County Superior Court dkt. 2276CR00052).Mr Benoit pled guilty to a 19 count indictment including Aggravated Rape of a Child(MGL C c265 §22B), and Aggravated Indecent Assault and Battery upon a Child under 14(MGL c265 §13B½). Mr Benoit also requests his sentence to begin from the time he was initially held (2/15/2022)

He is scheduled to be sentenced on September 10th, 2025 to an agreed upon sentence of 20-25 years in Massachusetts State Prison.

<u>CONCLUSION</u>

Even when the Sentencing Guidelines were mandatory, sentencing courts were to treat all defendants before them as individuals. In Koon v. United States, 518 U.S. 81, 113 (1996), the Supreme Court held "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." The decision in Booker and the mandate of the statute to impose a sentence that is "sufficient, but not greater than necessary," has given sentencing courts greater latitude to impose a sentence that fits the crime and the individual before the court.

Based on the foregoing , the Defendant respectfully requests that this Honorable Court exercise its judgment to sentence Justin Benoit for a period of incarceration sufficient in accordance with the recommendation described herein.

    Justin Benoit

    By his Attorney
    <u>/s/ Joseph P. Harty</u>
    Joseph P. Harty, Esq
    387 Riverdale Street
    West Springfield, MA 01089
    413-204-8539
    MA BBO: 663567

5

I hereby certify that on 08/12/2025 a copy of attached Defendant's Sentencing Memorandum was filed electronically with the Clerk of Court and as served upon the parties via ECF electronic filing.

<u>/s/ Joseph P. Harty</u>